United States District Court
Southern District of Texas
**ENTERED**
March 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENO WILLIAMS, | § |
| Plaintiff, | § § § |
| VS. | §  CIVIL ACTION NO. 4:22-CV-02390 |
| FAY SERVICING, LLC, *et al.*, | § § § |
| Defendants. | § |

## ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. #4), Plaintiff's Response (Doc. #6), and Defendants' Reply (Doc. #7). Having reviewed the parties' arguments, submissions, and the applicable legal authority, the Court grants Defendants' Motion to Dismiss.

This case arises out of the attempted foreclosure sale of the property at 9122 Edgeloch Drive, Spring, TX 77379, Lot 50, Block 1 of Gleannloch Farms Subdivision, Harris County, Texas (the "Property"). On December 6, 2006, Michael Seabron ("Seabron") executed a note (the "Note") on the Property in the amount of $147,819.00 made payable to Ryland Mortgage Company ("Ryland"), an Ohio Corporation. Doc. #1, Ex. 4 at 5 ¶ 15; Doc. #4 ¶ 2. The Note was secured by a Deed of Trust ("Deed of Trust") recorded in the deed records of Harris County, Texas. Doc. #1, Ex. 4 ¶ 15; Doc. #4 ¶ 2. In 2017, Seabron modified the loan with Defendant Selene Finance, LP ("Selene Finance") and Wilmington Savings with the principal balance of $183,178.71. Doc. #1, Ex. 4 ¶ 15.

Seabron ceased making payments on the loan and was notified via writing of his default on November 4, 2019. *Seabron and Superior Consulting v. U.S. Bank, et al*, No. 4:21-cv-01998,

Doc. #12, Ex. 6. Seabron was informed in the notice that if he failed to cure the default on or before December 9, 2019, that the sums secured by the Deed of Trust would be accelerated. *Id.* Seabron failed to cure his default was sent a notice of acceleration on September 1, 2021. *Seabron*, No. 4:21-cv-01998, Doc. #12, Ex. 7. The notice accelerated the loan and informed Seabron of the non-judicial foreclosure sale of the Property. *Id.* To prevent foreclosure, Seabron sued Fay Servicing, LLC ("Fay Servicing"), Selene Finance, LP ("Selene Finance"), and U.S. Bank Trust National Association ("U.S. Bank") in state court, asserting causes of action for statutory fraud, common law fraud, breach of contract, and quiet. *Seabron*, No. 4:21-cv-01998, Doc. #1, Ex. 1 at 10–13. Seabron's lawsuit was removed to this Court and later dismissed with prejudice on May 26, 2022. *Seabron*, No. 4:21-cv-01998, Doc. #1; *Seabron*, No. 4:21-cv-01998, Doc. #14.

On June 30, 2022, Eno Williams ("Plaintiff") filed his Original Petition in state court against Fay Servicing, Selene Finance, and U.S. Bank (collectively, "Defendants"), seeking a temporary restraining order to prevent the foreclosure sale of the Property scheduled for July 5, 2022. Doc. #1, Ex. 4 ¶¶ 1, 40 48. Without providing any evidence or specifying when, Plaintiff alleges that he "has acquired an interest in the property from [Seabron]." *Id.* ¶ 14. In addition to seeking a temporary restraining order, Plaintiff's Original Petition also asserts causes of action for statutory fraud, common law fraud, breach of contract, and quiet title. *Id.* ¶¶ 20–35. On July 1, 2022, Plaintiff's request for a temporary restraining order was granted. Doc. #1, Ex. 4 at 17–18. On July 18, 2022, Defendants removed this case to this Court. Doc. #1. Defendants now move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. #4.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "allege facts sufficient to state a claim for relief that is plausible on its face" but need not contain "detailed factual allegations." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts accept "the well-pleaded factual allegations in the complaint as true" but do "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). In considering a motion to dismiss, a court may consider the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

Defendant argues that Plaintiff's claims are barred by res judicata. Doc. #4 ¶¶ 12–18. The doctrine of res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata further serves to "[t]o prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Casterline v. OneWest Bank, FSB,* 2018 WL 1755821 (Tex. App.—Corpus Christi 2018); *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999). For a claim to be barred on res judicata grounds, the Fifth Circuit requires that: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). When those elements are satisfied, res judicata "prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

Here, Plaintiff asserts the same claims and causes of action as asserted in *Seabron and Superior Consulting v. U.S. Bank, et al,* Civil Action No. 4:21-cv-01998 (the "Prior Lawsuit"). In

the Prior Lawsuit, Seabron and Superior Consulting Group sued Fay Servicing, Selene Finance, and U.S. Bank (the same Defendants here) and asserted causes of action for statutory fraud, common law fraud, breach of contract, and quiet title (the same causes of action here). *See* Prior Lawsuit, Doc. #1, Ex. 1 ¶¶ 21–36. This Court dismissed the Prior Lawsuit with prejudice on May 26, 2022. *See* Prior Lawsuit, Doc. #14. Plaintiff alleges that he holds an interest in the Property and is entitled to step into Seabron's shoes. Doc. #1, Ex. 4 ¶ 14. For res judicata purposes, the Fifth Circuit has held that privity exists where the non-party is the successor in interest to a party's interest in property. *See Sampson v. U.S. Bank NA,* No. 4:20-CV-00493, 2020 WL 1321343 (E.D. Tex. Mar. 15, 2021) citing *United States v. Marshall,* 798 F.3d 296, 304 (5th Cir. 2015). Plaintiff is therefore Seabron's successor in interest for the purposes of this lawsuit. The parties involved in the Prior Lawsuit and this lawsuit are in privity.

Having found that all the required elements for res judicata are met, the Court grants Defendants' Motion to Dismiss (Doc. #4). Plaintiff's claims are hereby DISMISSED and this case is DISMISSED with prejudice.

It is so ORDERED.

3/29/23
Date

The Honorable Alfred H. Bennett
United States District Judge